Joseph SCHAEFFER, Appellant,

v.

STATE of Missouri, Respondent.

No. ED 79537.

Missouri Court of Appeals,
Eastern District,
Division One.

Feb. 5, 2002.

Motion for Rehearing and/or Transfer to
Supreme Court Denied March 25, 2002.

Application for Transfer Denied
April 23, 2002.

N. Scott Rosenblum, Susan Kister, Rosenblum, Schwartz & Rogers, LLC., Clayton, MO, for Appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Evan J. Buchheim, Asst. Attorney General, Jefferson City, MO, for Respondent.

Before WILLIAM H. CRANDALL, JR., PJ, PAUL J. SIMON, J., and ROBERT G. DOWD, JR., J.

### ORDER

PER CURIAM.

Joseph Schaeffer, movant, appeals the denial of his Rule 29.15 motion for post conviction relief claiming ineffective assistance of counsel. After a jury trial, movant was convicted of two counts of statutory sodomy in the first degree, one count of child molestation in the first degree, and one misdemeanor count of furnishing pornographic materials to a minor. Movant was sentenced as a prior offender to two consecutive life sentences on the sodomy convictions, a consecutive seven-year term on the molestation conviction, and a concurrent one-year term on the pornography conviction. This court affirmed movant's sentences by an order in *State v. Schaeffer*, 22 S.W.3d 246 (Mo.App.E.D.2000). In his three points on appeal, movant contends that trial counsel were ineffective for: (1) failing to move to sever the furnishing pornography count from the other counts, or for failure to move to exclude evidence of this count by means of a motion in limine; (2) allowing him to testify on his own behalf in a drug intoxicated state due to his voluntary overdose of prescription medication; and (3) failing to impeach the witness S.F. on bias with regard to alleged sexual abuse suffered by her since she had given damaging testimony concerning statements made to her by victim. We have reviewed the briefs of the parties, and the record on appeal and no error of law appears. An extended opinion reciting detailed facts and restating principles of law would have no precedential value. We affirm the judgment pursuant to rule 84.16(b).